Filed 6/20/25  Estate of Smith CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| Estate of JEFFREY V. SMITH, Deceased. | |
| TARYN O'KANE, Plaintiff and Appellant, v. KAREN COOPER-SHAW, as Executor, etc., Defendant and Respondent. | A171689 (Humboldt County Super. Ct. No. CV2400410) |

### MEMORANDUM OPINION[1]

Acting in propria persona, Taryn O'Kane appeals the trial court's order, entered after trial, declining to set aside a deed transferring real property to her ex-husband, Jeffrey V. Smith. O'Kane argues the trial court failed to apply a presumption of undue influence, which would have shifted the burden to Smith's estate to prove the deed had not been procured by undue influence.  We conclude that O'Kane fails to meet her burden on appeal to show error and affirm.

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

1

## A.

O'Kane and Smith divorced in 1999. At that time, they executed a marital settlement agreement, under which O'Kane and Smith agreed that Smith would transfer a house in Eureka, "together with the obligation owed thereon," to O'Kane in exchange for her refinancing and assuming the mortgage, releasing her community property interest in Smith's pension, and making a $10,000 equalizing payment. In the interim (pending O'Kane's refinance of the mortgage loan and Smith's execution and delivery of a signed transfer deed), Smith agreed to continue paying the mortgage.

About five years later, in 2004, Smith recorded a notarized "Interspousal Grant Deed." The deed transferred "former wife" O'Kane's interest in the Eureka property to Smith and was notarized and purportedly signed by O'Kane. Smith died in 2022.

In 2024, O'Kane filed suit against the Smith estate and its executor, Karen Cooper-Shaw. O'Kane alleged that Smith—by forging O'Kane's signature on the transfer deed and failing to deliver a signed deed conveying his interest in the Eureka home—breached the marital settlement agreement and made a fraudulent conveyance.

Although there is no reporter's transcript from the trial in the record before us, O'Kane apparently testified that the signature on the 2004 deed was not her own and asserted Smith had forged it. At the conclusion of trial, the trial court ordered judgment to be entered in favor of the estate. The court explained: "1. Because Taryn O'Kane's signature on the Interspousal Grant Deed was notarized, there is a presumption the signature is valid; and [¶] 2. Plaintiff did not present sufficient evidence to establish that her signature on the lnterspousal Grant Deed was a forgery."

2

**B.**

O'Kane maintains the trial court erred by not applying a presumption of undue influence. We agree with the estate that O'Kane fails to meet her burden to demonstrate error.

In a contractual exchange *between spouses*, a presumption of undue influence arises if one spouse secures an *unfair* advantage over the other. (*In re Marriage of Burkle* (2006) 139 Cal.App.4th 712, 729-730, 732 (*Burkle*).) If the presumption arises, the transaction will be set aside unless the advantaged spouse meets their burden of demonstrating the agreement was not obtained through undue influence. (*Id.* at p. 729; *In re Marriage of Fossum* (2011) 192 Cal.App.4th 336, 344.) "[T]he spouse who was advantaged by the transaction must establish that the disadvantaged spouse's action 'was freely and voluntarily made, with full knowledge of all the facts, and with a complete understanding of the effect of' the transaction." (*Burkle,* at pp. 738-739.)

O'Kane's appeal rests entirely on her assertion that the trial court failed to properly apply this presumption of undue influence to the 2004 transfer. However, the existence of a marital relationship is a necessary predicate to the presumption's application. (*Burkle, supra,* 139 Cal.App.4th at pp. 730-731.) And it is undisputed that O'Kane and Smith were no longer married after the 1999 dissolution. Thus, O'Kane's appellate argument lacks merit.

In any event, even if we assume (without deciding) that the presumption of undue influence had any application after dissolution, the record before us remains inadequate to meet O'Kane's burden on appeal. It is a cardinal rule of appellate review that "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 . . . .) 'In the absence of a contrary showing in the record, all presumptions in

3

favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "An appellant has the burden to overcome the presumption of correctness and show prejudicial error." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, disapproved on other grounds by *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

"It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to the appellant's issues on appeal." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002; accord, Cal. Rules of Court, rule 8.120(b).) Here, however, in her second amended notice designating the record on appeal, O'Kane elected to proceed with only an attached reporter's transcript from the hearing on the post-trial motion for new trial. O'Kane fails to provide a reporter's transcript, an agreed statement, or a settled statement for the trial itself. (See Cal. Rules of Court, rule 8.120(b).)

On the record before us—which does not include a reporter's transcript or any other record of the trial's oral testimony—we cannot address the merits and are compelled to presume substantial evidence supported a finding that the 2004 transfer gave Smith no unfair advantage. (See *Burkle, supra*, 139 Cal.App.4th at p. 734 ["[w]hether an interspousal transaction gives one spouse an unfair advantage is a question for the trier of fact"]; see also *id.* at p. 737 ["[t]he question 'whether the spouse gaining an advantage has overcome the presumption of undue

4

influence is a question for the trier of fact, whose decision will not be reversed on appeal if supported by substantial evidence' "].)

O'Kane is not exempt from the rules because she represents herself on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  She demonstrates no error.

## DISPOSITION

The judgment is affirmed.  The estate is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

BURNS, J.

WE CONCUR:


JACKSON, P. J.
CHOU, J.

*O'Kane v. Cooper-Shaw (A171689)*